IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAWN B. DAVENPORT JOHNSON,

           Plaintiff,

                                    No. 03:11-cv-00982-HZ

                                    OPINION & ORDER

   v.

CITY OF PORTLAND, et al,

           Defendants.

Dawn B. Davenport Johnson
14992-B SE Division St
Portland, OR 97236

       Pro Se Plaintiff

James G. Rice
CITY OF PORTLAND
1221 S.W. Fourth Avenue, Room 430
Portland, OR 97204

1 - OPINION & ORDER

Attorney for Defendnts

HERNANDEZ, District Judge:

Plaintiff, Dawn B. Davenport Johnson, filed this action against the City of Portland, Portland Adventist Hospital, and the following law enforcement officers: (1) Robert Brown; (2) Aaron Cole; (3) Patrick Mawdsley; (4) Robert Valdez; and (5) Kevin Wolf, alleging use of excessive force, negligence, and battery.  On May 6, 2013, the case went to a three-day jury trial.  The jury ultimately found in favor of Defendants.  As the prevailing party, Defendants filed a Bill of Costs (dkt. #92), seeking costs of $5,973.93.

## STANDARD

Local Rule 54 provides that "the Clerk may tax costs provided in Fed. R. Civ. P. 54(d)(1)." LR 54-2(a).  Rule 54 states that costs "should be allowed to the prevailing party." Fed. R. Civ.P. 54(d)(1).  28 U.S.C. § 1920(1)-(6) lists the specific items a prevailing party may recover as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"Taxable costs are limited to relatively minor, incidental expenses . . . ."

Taniguchi v. Kan. Pac. Saipan, Ltd., 633 F.3d 1218, 1221 (9th Cir. 2011) (citation omitted).  "[T]he assessment of costs most often is merely a clerical matter that can be done by the court clerk." Id. (citations and internal quotation marks omitted).  "It comes

as little surprise, therefore, that costs almost always amount to less than the successful

litigant's total expenses in connection with a lawsuit." Id.

Rule 54 creates a presumption in favor of awarding costs to the prevailing party.

E.g., Assoc. of Mex.-Am. Educators v. State of Cal., 231 F.3d 572, 592-93 (9th Cir.

2000). "[I]f a district court wishes to depart from that presumption, it must explain why

so that the appellate court will be able to determine whether or not the trial court abused

its discretion . . . [and] explain why a case is not ordinary." Save Our Valley v. Sound

Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citation omitted). The court may consider

"the losing party's limited financial resources, . . . misconduct on the part of the

prevailing party, . . . the importance of the issues, . . . the importance and complexity of

the issues, . . . the merit of the plaintiff's case, . . . and the chilling effect on future civil

rights litigants of imposing high costs." Id.

The district court, however, "needs no affirmatively expressed reason to tax costs.

Rather, it need only conclude that the reasons advanced by the party bearing the burden–

the losing party–are not sufficiently persuasive to overcome the presumption." Id. at 946.

Courts are free to construe the meaning and scope of the items enumerated as taxable

costs in § 1920. Taniguchi, 633 F.3d at 1221; Alflex Corp. v. Underwriters Lab., Inc.,

914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide

how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir.

2013); see also Arboireau v. Adidas Salomon AG, No. 01-105-ST, 2002 WL 31466564,

at *4 (D. Or. 2002) (trial judge has wide discretion in awarding costs under FRCP

54(d)(1)). "In general, the mere fact that items are neither introduced into evidence nor

otherwise become part of the official court record is not determinative of whether that

item was reasonably or necessarily obtained for use in the case." <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 143 (D. Or. 1995). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

## DISCUSSION

Plaintiff does not specifically object to the various costs proffered by Defendants. Rather, she objects to the Bill of Costs in blanket fashion, asserting that (1) "[t]he costs are too high for this trial"; (2) she "does not have the funds to pay the costs due to inability to work due to her injuries"; (3) Leonard Berman, her former attorney, did not inform her of any court costs and "should have covered these costs"; and (4) "Defendant's attorney Jim Rice, when asked, stated that he did not have the deposition transcripts, yet he is charging [Plaintiff] for the transcripts." Pl.'s Objections, p. 1.

### I. Subpoenas

#### A. Service of Subpoena

Defendants seek reimbursement of $100.00 for service fees to subpoena Angela Wilson and Theresa Brown, two witnesses who testified at trial. Rice Aff., Exs. 10-11. These fees are proper under § 1920(1). <u>See</u> <u>Icebreaker Ltd. v. Gilmar S.p.A.</u>, 2013 WL 638926, No. 3:11-CV-00309-BR, at *5 (D. Or. 2013); <u>Williford v. Multnomah Cnty.</u>, 2010 WL 5648878, No. CV 06-1289-PK, at *5 (D. Or. 2010).

#### B. Subpoena Fees

Defendants seek to recover $87.14 for the costs to subpoena Angela Wilson and Theresa Brown. These costs are also taxable under § 1920(1). <u>See</u> <u>Icebreaker Ltd. v. Gilmar S.p.A.</u>, 2013 WL 638926, No. 3:11-CV-00309-BR, at *5 (D. Or. 2013).

**II. Fees for Printed or Electronically Recorded Transcripts**

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C, § 1920(2). "The fact that the deposition transcripts were not ultimately used in dispositive-motion practice or at trial is not sufficient to automatically render the transcripts unnecessary." Jansen v. Experian Info. Solutions, Inc., No. 05-CV-385-BR, 2011 WL 846876, at *15 (D. Or. 2011) (citation omitted).

**A. April 20, 2012, Depositions**

Defendants seek costs of $605.27 for depositions taken on April 20, 2012. Rice Aff., Ex. 1. A careful look at the invoice shows that the costs of these depositions include $536.53 for the appearance fee of a court reporter and the transcription of Plaintiff's deposition on April 20, 2012. Id. These costs are taxable under § 1920(2).

The invoice further shows that on April 20, 2012, Defendants also incurred costs of $68.75 for the appearance fee of a court reporter stemming from the depositions of Patricia Frewen Brown and Elaine Michel Liston. Id. Defendants do not explain who these individuals are or why their depositions were taken. These costs are not taxable under § 1920 because I cannot determine whether the fees arising out of these transcriptions were necessarily obtained for use in this case. These costs are therefore not taxable.

**B. Transcription Costs**

Defendants seek transcription costs totaling $563.00. The invoice proffered by Defendants shows costs for transcribing what appears to be a 9-1-1 call made by witnesses who alerted law enforcement about Plaintiff, an interview of Plaintiff

conducted in August 2009, and a transcription of a hearing that took place in January 2010. Rice Aff., Ex. 2. Plaintiff does not specifically argue why these costs should not be awarded and fails to meet her burden of demonstrating that these costs should not be awarded. In addition, I find that these costs fall under § 1920(2). Accordingly, these costs are taxable.

### C. Deposition Fees

Defendants seeks $503.75 in deposition appearance fees for court reporting services arising out of the depositions of Defendants Brown, Cole, Mawdsley, Valdez, and Wolf. Defendants also seek deposition appearance fees for court reporting services associated with the depositions of Angela Wilson and Teresa Brown totaling $463.75. Rice Aff., Exs. 4-5. These costs are taxable under § 1920(2). See Williford, 2010 WL 5648878, No. CV 06-1289-PK, at *5 (D.Or. 2010) (concluding that "deposition appearance fees for court reporting service" are taxable under § 1920(2)).

### D. Video Recordings

Defendants seek $504.50 in costs for videotaping the depositions of Angela Wilson and Teresa Brown. Rice Aff., Exs. 6-7. Although Defendants are entitled to the costs incurred for the stenographic transcript of Angela Wilson's and Teresa Brown's depositions, Defendants are not entitled to the additional costs stemming from the video recording of such depositions. Defendants proffer no reason explaining why it is entitled to both a video recording and a stenographic transcript. Based on the record before me, I conclude that these costs are not taxable. See McCallum v. Boise Cascade, LLC, No. 06-CV-1834-ST, 2008 WL 5111122, at *2 (D. Or. 2008) (finding costs for videotaping

depositions were not taxable where defendant failed to offer any reason to support it was entitled to both videotaping and stenographic costs).

### III. Fees for Exemplification and Copies

Defendants seek costs for exemplification and photocopies totaling $952.77. Section 1920 permits a prevailing party to recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In recognition of the growing use of electronic discovery, Congress amended § 1920(4) in 2008 from allowing costs for "fees for exemplifications and copies of <u>papers</u>" to "fees for exemplification and the costs of making copies of <u>any materials</u>." <u>Jardin v. DATAllegro, Inc.</u>, No. 08-CV-1462-IEG (WVG), 2011 WL 4835742, at *5 (S.D. Cal. 2011) (emphasis in original). Here, Plaintiff fails to specifically address why these costs should not be awarded and thus, fails to meet her burden of establishing that these costs should not be awarded. These costs are taxable. <u>See</u> <u>Pacificorp v. Nw. Pipeline GP</u>, No. 3:10-cv-00099-PK, 2012 WL 6131558, at *7-8 (D.Or. 2012) (finding costs for processing electronic documents into a useful database, database processing, Bates stamping, and conversion were taxable).

### IV. Expert Witness Fees

Defendants seek fees charged by expert witness Robert M. Julien, M.D., PH.D "for the services he provided in the preparation of [this] case as well as at trial." Rice Aff., p. 5. "[A]bsent express statutory authority for shifting expert witness fees, reimbursement of such fees is limited by 28 U.S.C. §§ 1821(b) and 1920(3)." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1058 (9th Cir. 2002) (quotation and citations omitted); <u>see also</u> <u>Krouse v. Ply Gem Pac. Windows Corp.</u>, 2012 WL 3241678, 3:10-cv-00111-HA, at *4

(D. Or. 2012) (citation omitted).  Section 1821 limits witness costs to an "attendance fee of $40 per day for each day's attendance."  28 U.S.C. § 1821(a)(2)(b); see also First Nat. Mortg. Co. v. Fed. Realty Inv. Trust, 631 F.3d 1058, 1071 (9th Cir. 2011) ("[F]ederal law allows the plaintiff to recover only forty dollars per day per witness[.]  Indeed, . . . expert witnesses in federal court are entitled to forty dollars per day regardless of whether they are called by the prevailing defendant or plaintiff." ) (Emphasis in original).  Defendants point to no statutory authority allowing for the shifting of Dr. Julien's expert witness fees. The evidence here shows that Dr. Julien charged Defendants for reviewing materials, meeting attorneys in Portland, reviewing and writing an unspecified report, preparing for testimony, and testifying at trial on May 6, 2013.  I conclude that Defendants is only entitled to expert witness fees of $40 for his testimony on May 6, 2013, as prescribed under §§ 1821 and 1920.  See Quesnoy v. Oregon, No. 3:10-cv-01538-ST, 2012 WL 1155832, at *9 (D. Or. 2012) (limiting expert witness fees to $40 per day under §§ 1821 and 1920); Hoff v. Pac. N. Envtl. Corp., 2008 WL 2388680, Civil No. 05-1376-JO, at *2 (D. Or. 2008) ("[u]nder 28 U.S.C. § 1920(3), witness fees, including expert fees, are set by statute and are limited to a per diem of $40 per day, actual travel expenses, and subsistence expenses") (citing 28 U.S.C. § 1821).

**V. Lack of Funds**

Most of Plaintiff's assertions, including that Defendants' Bill of Costs "are too high", are simply insufficient to satisfy her burden of demonstrating that all the costs sought by Defendants are not taxable.  Pl.'s Objections, p. 1.  A court, however, "should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."  Stanley, 178 F.3d at 1079 (citations omitted).  In Stanley, 178 F.3d at 1080, the

Ninth Circuit held that "the district court abused its discretion in failing to re-tax costs awarded to defendants[,]" reasoning that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation . . . [and that] [w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since [Brown v. Board of Educ., 347 U.S. 483 (1954)]."

Although it is undisputed that Plaintiff has limited resources, I do not find that the above taxable costs so prohibitive that it would chill civil rights litigation in this area. I decline to exercise my discretion in reducing the above taxable costs solely because Plaintiff has limited financial resources.

## CONCLUSION

Consistent with this Opinion & Order, Defendants are awarded costs of $3,366.93.

IT IS SO ORDERED.

Dated this 2 day of Aug. , 2013.

MARCO A. HERNANDEZ
United States District Judge

9 - OPINION & ORDER